# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CATHY B., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No. CV 19-04289-DFM <br><br> MEMORANDUM OPINION AND ORDER |

## I. BACKGROUND

Cathy B. ("Plaintiff") applied for Supplemental Security Income on August 10, 2011, alleging disability beginning January 1, 2009. See Dkt. 17, Administrative Record ("AR") 115-22.[1] The claim was denied initially on November 2, 2011, and upon reconsideration on October 30, 2012. See AR 36-45, 70-74. Plaintiff then received a hearing before an Administrative Law Judge ("ALJ") on November 20, 2013. See AR 26-35. On January 15, 2014, the ALJ issued an unfavorable decision. See AR 7-25.

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

On March 18, 2016, the District Court, after a stipulation between the parties, remanded the matter back to the agency. See AR 519-28. On remand, the Appeals Council directed the ALJ to: (1) further evaluate Plaintiff's subjective complaints and symptoms; (2) evaluate the third-party statement of Plaintiff's friend; (3) give further consideration to Plaintiff's residual functional capacity ("RFC"); and (4) obtain evidence from a vocational expert ("VE"), if warranted. See AR 529-33.

Plaintiff appeared and testified at a hearing held on July 13, 2017. See AR 439-89. On October 12, 2017, the ALJ issued another unfavorable decision. See AR 982-1006. On June 20, 2018, the District Court, again based on the parties' stipulation, remanded the matter back to the agency a second time. See AR 1007-19. On this second remand, the Appeals Council directed the ALJ to: (1) give further consideration to Plaintiff's maximum RFC, including opinion evidence and associated weight; and (2) obtain VE testimony, if warranted. See AR 1020-24.

Plaintiff appeared and testified for the third time at a hearing held on February 13, 2019. See AR 955-81. On March 11, 2019, the ALJ issued a third unfavorable decision. See AR 927-54. The ALJ followed the five-step sequential evaluation process for determining whether an individual is disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. See AR 933. At step two, the ALJ determined that Plaintiff had the severe impairments of major depressive disorder, anxiety disorder, learning disorder, not otherwise specified, borderline intellectual functioning, and dependent personality disorder. See AR 934. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. See AR 942.

Before reaching step four, the ALJ determined that Plaintiff had the RFC to perform a "full range of work at all exertional levels but with the following non-exertional limitations: perform simple, repetitive tasks and have no more than short, casual interactions with others in a work setting." AR 943. At step four, the ALJ found that Plaintiff had no past relevant work. See AR 946. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including cleaner II (Dictionary of Occupational Titles ("DOT") 919.687-014), industrial cleaner (DOT 381.687-018), kitchen helper (DOT 318.687-010), hand packager (DOT 920.587-018), and lab equipment cleaner (DOT 381.687-022). See AR 946-47. Accordingly, the ALJ denied benefits. See AR 947. This action followed. See Dkt. 1.

## II.  LEGAL STANDARD

A district court will set aside a denial of Social Security benefits only when the ALJ decision is "based on legal error or not supported by substantial evidence in the record." Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1035 (9th Cir. 2003). "Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988) (citations and internal quotation marks omitted).

## III.  DISCUSSION

The parties dispute whether the ALJ's finding that Plaintiff had "at least a high school education," AR 946, is supported by substantial evidence, see Dkt. 26, Joint Stipulation ("JS") at 4.

The Commissioner considers education as a vocational factor. See 20 C.F.R. § 416.964. "High school education and above means abilities in reasoning, arithmetic, and language skills acquired through formal schooling at

a 12th grade level or above." Id. § 416.964(b)(4). The numerical grade level that a claimant completed in school "may not represent [her] actual educational abilities," but where "there is no other evidence to contradict it," the Commissioner will "use [a claimant's] numerical grade level to determine [her] educational abilities." Id. § 416.964(b).

Plaintiff acknowledges that she graduated from high school but contends that evidence contradicts a finding that she has a high school education. See JS at 5. Plaintiff notes that she received her high school diploma in 1979 through the special education program, her performance in special education classes was reported as below average, and that in her 2017 hearing, the impartial medical examiner opined that Plaintiff had moderate to marked impairments in the cognitive domain.[2] See id. (citing AR 244, 352, 450). Plaintiff also points to tests from 1983 that indicated her "[a]cademic skills range from a 3.6 grade level to a 4.8." Id. at 6 (citing AR 411). The ALJ, then, should have found that she had a "marginal education at best," which would leave her unable to perform any of the jobs that the VE identified. See id. at 8-11.

Citing Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999), the Commissioner argues that Plaintiff waived this argument because her attorney did not raise it at the administrative hearing before the ALJ. See JS at 12-13 (citing Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999)). Plaintiff chose

---

[2] The medical examiner initially testified that, "giving the benefit of the doubt," Plaintiff had marked impairments in understanding, remembering, and applying information. AR 449-50. When the ALJ noted that Plaintiff had received a score of 81 in a 2011 IQ test, the medical examiner conceded that "based on the IQs," he would not say that there was a marked impairment, although "the academic history and the lack of consistent intellectual ability" supported a marked impairment. He then concluded that he "wouldn't have a problem saying that considering all the data that it's moderate to marked." AR 451.

not to request further review by the Appeals Council. See JS at 2 (noting that 2019 ALJ decision on remand became final decision 60 days after decision date because Plaintiff did not "file[] exceptions nor did the Appeals Council initiate their own motion review.")

The Court need not decide the waiver issue. Commissioner argues that the evidence indicates that Plaintiff is less limited than she suggests, and that any error was harmless because the ALJ limited Plaintiff to simple, repetitive tasks with no more than short, casual interactions with others in a work setting. See JS at 14-15 (citing AR 943). The Court agrees that any error was harmless.

Based on the VE's testimony, the ALJ found that Plaintiff could perform the jobs of cleaner II, hand packager, industrial cleaner, kitchen helper, and lab equipment cleaner. See AR 946-47. According to the DOT, both cleaner II and hand packager require the following:

> Reasoning: Level 2 - Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.
>
> Math: Level 1 - Add and subtract two-digit numbers. Multiply and divide 10's and 100's by 2, 3, 4, 5. Perform the four basic arithmetic operations with coins as part of a dollar. Perform operations with units such as cup, pint, and quart; inch, foot, and yard; and ounce and pound.
>
> Language: Level 1 - READING: Recognize meaning of 2,500 (two- or three-syllable) words. Read at rate of 95-120 words per minute. Compare similarities and differences between words and between series of numbers.

DICOT 919.687-014, 1991 WL 687897 (cleaner II); DICOT 920.587-018, 1991 WL 687916 (hand packager).

Plaintiff responds that these positions are not appropriate jobs for her because she cannot perform jobs requiring Level Two reasoning. See JS at 9. But Plaintiff does not dispute the ALJ's finding that she was limited to simple, repetitive tasks, which is consistent with Level Two reasoning. See Turner v. Berryhill, 705 F. App'x 495, 498-99 (9th Cir. 2017) ("The RFC determination limiting [claimant] to 'simple, repetitive tasks' . . . is compatible with jobs requiring Level 2 reasoning."); Zavalin v. Colvin, 778 F.3d 842, 847 (9th Cir. 2015) (citing with approval Tenth Circuit case holding that Level Two reasoning is consistent with claimant limited to simple, routine tasks).

Additionally, reviewing the record as a whole, substantial evidence supports the ALJ's unstated conclusion that Plaintiff can perform jobs requiring Level 1 language, Level 1 math, and Level 2 reasoning. In the written decision, the ALJ exhaustively went through ten years of medical evidence regarding Plaintiff's mental impairments. See AR 937-41. The records indicate that although Plaintiff has a learning disorder and borderline intellectual functioning, she showed no significant cognitive deficits, generally performed well upon mental status testing, and was assessed as capable of performing simple work tasks. See, e.g., AR 208-14 (diagnosing Plaintiff with a learning disability but finding that she could carry out detailed and complex instructions and maintain concentration and attention on a consistent basis, among other things), 215-20 (diagnosing Plaintiff with a learning disability but finding that her cognition was intact and intellectual limitations at most were mild, and finding that she "significantly embellish[ed] severity of her intellectual limitations"), 257-84 (noting that Plaintiff was very independent), 886-95 (assessing Plaintiff as moderately limited in ability to perform detailed tasks, but not limited in her capacity to perform other work-related mental

tasks). And, although of limited value, the ALJ's findings about Plaintiff's daily activities, including that she could handle her finances, do puzzles, drive, play dominoes, and interact with friends (see AR 943-45), demonstrate at least a limited range of reasoning, math, and language abilities.

Plaintiff does not specifically contest any of these findings. Instead, Plaintiff tries to capitalize on a lack of more specific findings about her education caused by her own counsel's failure to raise the issue at the hearing. In any event, even without more specific findings, the record discloses substantial evidence supporting a conclusion that Plaintiff could perform the jobs of cleaner II (10,000 jobs nationally) and hand packager (40,000 jobs nationally). Accordingly, remand is not warranted.

## IV. CONCLUSION

The decision is the Social Security Commission is affirmed and this case is dismissed with prejudice.

IT IS SO ORDERED.

Date: June 30, 2020

DOUGLAS F. McCORMICK
United States Magistrate Judge